IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD DUANE HAMMER,   No. C-12-6222 TEH (PR)

    Plaintiff,

    v.   ORDER OF TRANSFER

K.J. ALLEN, et al.,

    Defendants.
_____/

I.

Plaintiff, a prisoner presently incarcerated at the Salinas Valley State Prison (SVSP) in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials at the California Medical Facility (CMF) in Solano County, California, were deliberately indifferent to his legitimate safety needs when he was transferred from CMF to SVSP. Doc. #1.

Plaintiff alleges that, when he was put up for a transfer from CMF to SVSP, he submitted an inmate appeal asserting that his safety would be at risk at SVSP. According to the California Department of Corrections and Rehabilitation's (CDCR) Director's Level Appeal Decision, Comp., Ex. A, Plaintiff was concerned that

1 being a "white Crip carries a substantial risk of harm at the hands
2 of other inmates" at SVSP.  Plaintiff alleges that CMF Warden Singh
3 knew, based upon Plaintiff's past experiences at other prisons, that
4 Plaintiff's safety was at risk at SVSP.  Plaintiff claims that
5 Warden Singh acted with deliberate indifference to Plaintiff's
6 safety needs when he denied Plaintiff's inmate appeal, thus allowing
7 Plaintiff to be transferred to SVSP.

8 Plaintiff alleges that Defendant Allen, a CDCR Inmate
9 Appeals Examiner, wrote in his denial of Plaintiff's Director's
10 Level CMF Appeal, that Plaintiff "is reminded to inform staff
11 immediately if he believes his safety is in jeopardy at any
12 institution on any facility."  Plaintiff alleges that he did exactly
13 what Defendant Allen instructed and yet Allen ignored Plaintiff's
14 plea that his safety would be at risk if he were transferred to
15 SVSP.  Plaintiff asserts that Allen acted with deliberate
16 indifference to Plaintiff's safety when he denied Plaintiff's
17 appeal, thus allowing him to be transferred to SVSP.

18 Plaintiff alleges that SVSP Warden Hedgepeth only acted
19 with gross negligence in accepting Plaintiff as an inmate at SVSP
20 because he was unaware that Plaintiff's safety was at risk.

21 II.

22 Although Plaintiff alleges that venue is proper in this
23 Court because a substantial amount of the acts and omissions giving
24 rise to his lawsuit occurred in this District, he is incorrect.  The
25 gravamen of Plaintiff's civil rights claim is that, by deciding to
26 transfer Plaintiff to SVSP and by denying his appeals of that

2

1 decision, Defendants were deliberately indifferent to his
2 constitutional right to be protected from violence by other inmates.
3 The decision to transfer Plaintiff and his administrative appeals
4 regarding this decision took place at CMF, which is located in the
5 Eastern District of California.  Therefore, a substantial part, if
6 not all, of the acts and omissions giving rise to Plaintiff's civil
7 rights claim occurred, and the pertinent defendants reside, in the
8 Eastern District. See 28 U.S.C. § 84(b).  Venue therefore properly
9 lies in the Eastern District.  See 28 U.S.C. § 1391(b).

10      Accordingly, in the interest of justice and pursuant to 28
11 U.S.C. § 1406(a), this action is transferred to the United States
12 District Court for the Eastern District of California.

13      The Clerk shall transfer this matter, terminate all
14 pending motions as moot, and close the file.

16      IT IS SO ORDERED.

18 DATED     *02/13/2013*

                                                THELTON E. HENDERSON
19                                                 United States District Judge

26 G:\PRO-SE\TEH\CR.12\Hammer 12-6222 CR-transfer-caed.wpd