1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   RICHARD DUANE HAMMER,                    No. C-12-6222 TEH (PR)

11                   Plaintiff,

12              v.                            ORDER OF TRANSFER

13   K.J. ALLEN, et al.,

14                   Defendants.

15   _____/

16

17                                    I.

18        Plaintiff, a prisoner presently incarcerated at the

19   Salinas Valley State Prison (SVSP) in Soledad, California, has filed

20   a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that

21   prison officials at the California Medical Facility (CMF) in Solano

22   County, California, were deliberately indifferent to his legitimate

23   safety needs when he was transferred from CMF to SVSP.  Doc. #1.

24        Plaintiff alleges that, when he was put up for a transfer

25   from CMF to SVSP, he submitted an inmate appeal asserting that his

26   safety would be at risk at SVSP.  According to the California

27   Department of Corrections and Rehabilitation's (CDCR) Director's

28   Level Appeal Decision, Comp., Ex. A, Plaintiff was concerned that

United States District Court
For the Northern District of California

being a "white Crip carries a substantial risk of harm at the hands of other inmates" at SVSP.  Plaintiff alleges that CMF Warden Singh knew, based upon Plaintiff's past experiences at other prisons, that Plaintiff's safety was at risk at SVSP.  Plaintiff claims that Warden Singh acted with deliberate indifference to Plaintiff's safety needs when he denied Plaintiff's inmate appeal, thus allowing Plaintiff to be transferred to SVSP.

Plaintiff alleges that Defendant Allen, a CDCR Inmate Appeals Examiner, wrote in his denial of Plaintiff's Director's Level CMF Appeal, that Plaintiff "is reminded to inform staff immediately if he believes his safety is in jeopardy at any institution on any facility."  Plaintiff alleges that he did exactly what Defendant Allen instructed and yet Allen ignored Plaintiff's plea that his safety would be at risk if he were transferred to SVSP.  Plaintiff asserts that Allen acted with deliberate indifference to Plaintiff's safety when he denied Plaintiff's appeal, thus allowing him to be transferred to SVSP.

Plaintiff alleges that SVSP Warden Hedgepeth only acted with gross negligence in accepting Plaintiff as an inmate at SVSP because he was unaware that Plaintiff's safety was at risk.

## II.

Although Plaintiff alleges that venue is proper in this Court because a substantial amount of the acts and omissions giving rise to his lawsuit occurred in this District, he is incorrect.  The gravamen of Plaintiff's civil rights claim is that, by deciding to transfer Plaintiff to SVSP and by denying his appeals of that

decision, Defendants were deliberately indifferent to his constitutional right to be protected from violence by other inmates. The decision to transfer Plaintiff and his administrative appeals regarding this decision took place at CMF, which is located in the Eastern District of California.  Therefore, a substantial part, if not all, of the acts and omissions giving rise to Plaintiff's civil rights claim occurred, and the pertinent defendants reside, in the Eastern District.  <u>See</u> 28 U.S.C. § 84(b).  Venue therefore properly lies in the Eastern District.  <u>See</u> 28 U.S.C. § 1391(b).

       Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is transferred to the United States District Court for the Eastern District of California.

       The Clerk shall transfer this matter, terminate all pending motions as moot, and close the file.

       IT IS SO ORDERED.

DATED       _02/13/2013_               _____

                             **THELTON E. HENDERSON**
                             **United States District Judge**

G:\PRO-SE\TEH\CR.12\Hammer 12-6222 CR-transfer-caed.wpd

3